IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
- AT ELKINS -

JILLIAN M. HUBER,

      Plaintiff,

v.  \\  Civil Action No.: **2:22-CV-2 (Kleeh)**

WALGREEN, CO., d/b/a Walgreens #17113,
REALTY INCOME CORPORATION and
JOHN DOE(S),

      Defendants.

ELECTRONICALLY FILED
Feb 22 2022
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

### Part I – Parties, Venue and Jurisdiction

1. The Plaintiff is a resident of Pittsburgh, Allegheny County, Pennsylvania, and was so at all times relevant to this Complaint.

2. Defendant, Walgreens, Co., doing business as Walgreens #17113 ["Defendant Walgreen"] is, upon information and belief, an Illinois corporation that is registered to do business in the state of West Virginia. According to the West Virginia Secretary of State's office, Defendant Walgreen maintains its principal place of business in Deerfield, Illinois.

3. Defendant Walgreen owns and operates a retail store/pharmacy in Buckhannon, Upshur County, West Virginia, which is identified by Defendant Walgreen as Walgreens #17113. Walgreens #17113 is further identified by Defendant Walgreen as

one of its tradenames or DBA names with the West Virginia Secretary of State. Specifically, Walgreens #17113 is located at 71 West Main Street, Buckhannon, Upshur County, West Virginia, 26201 and is the location of the incident giving rise to this Complaint.

4. Upon information and belief, the subject business location, 71 West Main Street, Buckhannon, Upshur County, West Virginia, 26201, was formerly under the corporate control and/or ownership of Rite Aid Corporation of West Virginia, Inc.; however, based on a corporate transaction or series of transactions that took place in or about January of 2020 (prior to the event described in this Complaint), the subject location became owned, leased and/or operated by Defendant Walgreen, Co., and was so as of the date of the subject event. Therefore, upon information and belief, the Plaintiff has brought her claims against the proper Defendant, that being Walgreen, Co., rather than Rite Aid of West Virginia, Inc.

5. Defendant Realty Income Corporation is, upon information and belief, a California corporation that is registered to do business in the State of West Virginia and which was doing business in West Virginia at the time of the event giving rise to this Complaint.

6. More specifically, Defendant Realty Income Corporation, upon information and belief, owns, manages, leases or otherwise has an interest in the real property upon which the Plaintiff's fall and injuries occurred located at 71 West Main Street, Buckhannon, Upshur County, West Virginia.

7. Defendant John Doe is any person or entity that may have had the responsibility to design, build or maintain the parking lot premises upon which the incident giving rise to this Complaint took place.

8. Venue is proper in the United Stated District Court for the Northern District of West Virginia, Elkins Division, pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to Plaintiff's cause of action arose in Upshur County, West Virginia.

9. Original jurisdiction is proper in the United Stated District Court for the Northern District of West Virginia, Elkins Division, pursuant to 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds the $75,000.00 jurisdictional minimum, exclusive of interest and costs, and is between citizens of different States.

## Part II – Negligence

10. The Plaintiff incorporates herein by reference all other paragraphs of this Complaint.

11. On May 31, 2020, Plaintiff Jillian M. Huber went to the Buckhannon Walgreens store [Walgreens #17113] as a retail customer.

12. At that time, the Plaintiff parked her vehicle in a parking space that was part of the Walgreens premises and exited her vehicle so as to proceed to enter the store; however, as she exited her vehicle and placed or attempted to place her right foot on the ground, it went into a defect in the parking lot, and she suffered severe inversion injuries to her right ankle.

13.     The Plaintiff's inversion (severe sprain) injuries include, among other things, a fracture of her ankle cartilage, right lateral ankle instability, and a split tear of the peroneus longus tendon (the tendon on the outside of her right foot), all of which have since required extensive medical treatment, including multiple surgical repairs.

14.     The defect in the Defendants' parking lot turned out to be a round hole that was several inches deep beneath the level of pavement, but which had been filled with and obscured by dirt, dust and gravel that made it difficult to distinguish from the surrounding pavement. Moreover, the defect in question was located at the edge of the Plaintiff's parking space such that it was positioned where one would normally place their feet as they exited a vehicle, but which would, in that position, be obscured from a driver's view by the bottom portion of their vehicle.

15.     The Defendants, including Defendant Walgreen and, upon information and belief, Defendant Realty Income Corporation, owed the Plaintiff a duty to maintain the subject parking area in a reasonable condition, free from hazards reasonably foreseeable to the Defendants.

16.     The defect in the Defendants' parking lot, as described above, was a foreseeable hazard to the Defendants' customers, including the Plaintiff, and the Defendants' negligent failure to properly repair and maintain the subject parking lot was the direct and proximate cause of the Plaintiff's severe and permanent injuries.

17.     The Plaintiff further alleges that her severe and permanent injuries may have been caused or contributed to by a John Doe Defendant or Defendants. Defendant

John Doe is intended to represent any persons or entities that owed a legal responsibility, in whole or in part, to design, build, pave, repair or maintain the subject parking lot in general or as it relates to the specific hazard described above.

18.  As a result of the negligence of the Defendants, individually or in concert, the Plaintiff suffered severe and debilitating injuries and damages, including, but not limited to, past and future physical and economic harm.

**WHEREFORE**, Plaintiff Jillian M. Huber seeks relief from the Defendants as follows:

A.  Compensatory damages for past, present, and future medical expenses, loss of economic opportunity and income, loss of household services and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

B.  General damages for past, present, and future pain, suffering, loss of enjoyment of life, emotional distress, and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

C.  Attorney's fees, costs and expenses incurred in the prosecution of this claim;

D.  Pre-judgment and post-judgment interest as permitted by law;

E.  Such other relief, available at law or in equity, that is deemed appropriate as this matter matures for trial.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated this 21st day of February 2022

> Plaintiff, Jillian M. Huber,
> by Counsel,

/s/ T. Keith Gould
T. Keith Gould (Bar No.: 7166)
The Miley Legal Group, PLLC
229 West Main Street, Suite 400
Clarksburg, WV 26301